IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:22-CV-530-M-BM

| | |
|---|---|
| ROSE MARIE EDWARDS BAKER R DUNN JR., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER AND**<br>) **MEMORANDUM AND**<br>) **RECOMMENDATION** |
| ROGENE EARL HOLDEN, | )<br>) |
| Defendant. | ) |

This *pro se* case is before the court on the application [DE-1] filed by Plaintiff Rose Marie Edwards Baker R Dunn Jr. ("plaintiff") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) ("application") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), respectively. These matters were referred to the undersigned magistrate judge, pursuant to 28 U.S.C. § 636(b)(1).

The court finds that plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and the application to proceed i*n forma pauperis* [DE-1] will be allowed. However, based on the court's frivolity review and for the reasons set forth below, it is recommended that plaintiff's complaint [DE-1-3] be dismissed.

### ORDER ON *IN FORMA PAUPERIS* MOTION

To qualify for *in forma pauperis* status, a person must show that she "cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [herself] and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The court has reviewed plaintiff's application and finds that she has adequately demonstrated her inability to prepay the required court costs.

Her application to proceed *in forma pauperis* [DE-1] is therefore ALLOWED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

### I. BACKGROUND

**A.     Factual allegations and legal claims**

Plaintiff's complaint [DE-1-3], as ostensibly supplemented and amended by plaintiff's exhibits [DE-1-2 and -1-4] and additional filings [DE-5 to -24], is not a model of clarity.[1] The underlying cause of action appears to center around a probate dispute involving the last will and testament of Hattie P. Holden Towns ("Mrs. Towns"), who is plaintiff's foster mother and the birth mother of defendant, Rogene Earl Holden ("defendant"). [DE-1-3]. Most, if not all, of plaintiff's claims appear to relate to the disposition of a house and farm that allegedly belonged to Mrs. Towns before she died. *Id.* Plaintiff includes a State of North Carolina Servicemembers Civil Relief Act Declaration form that plaintiff appears to have completed, ostensibly in support of her familial relationship to defendant. [DE-1-4] at 3-4. Plaintiff repeatedly alleges that Mrs. Towns's biological sons will not give plaintiff a copy of her foster mother's last will and testament (*see* [DE-1-4] at 1-2), which allegedly bequeaths a house to plaintiff as the youngest member of the family (*see* [DE-9] at 1).

Plaintiff's filings also include the statement that "[m]y ½ brothers had not yet taking our mom name off the land property or anything else . . . is there any way that the TAX FRAUD be taking [sic] off their records." [DE-10] at 1. She appears to allege that the last will and testament

---

[1] An order was issued in this case by Chief United States District Judge Richard E. Myers II directing plaintiff to "show cause in writing, on or before February 7, 2023; explaining why this court should not dismiss this action for lack of subject-matter jurisdiction." [DE-4]. Plaintiff subsequently submitted numerous additional documents prior to February 7, 2023 [DE-5 to -12], as well as after February 7, 2023 [DE-13 to -24]. Each of the filed documents have been considered by the undersigned.

"states on the tax that [defendant] had giving [sic] Mr. Darryl M. Holden a[n] area of the property, the tax on what he let Darryl have is $4,854." [DE-9] at 2. She then attaches numerous documents indicating that her mother's name is still on various financial accounts, and state or county tax documents. *See* [DE-9-2].

Finally, plaintiff appears to make various allegations about the reunification of certain of her foster siblings with their birth families and attaches informational materials on foster care and reunification in North Carolina. *See* [DE-16] at 1 ("The two Farley sisters: Greta and Aileen Farley. They left and reunited back with their biological family after our foster mother passed away 02/07/1986."); *see also* [DE-16-1] (Factsheet for families on reunification from foster care).

**B.    Jurisdiction**

Plaintiff alleges that this court has jurisdiction over her claim pursuant to "Facts and truth and location." [DE-1-3] at 2. On her civil cover sheet, plaintiff marks "Federal Question" as the basis of this court's jurisdiction, and provides only "withholding proof of last will and testament of parent. Also stopping income" as the cause of action. *See* [DE-1-2] (Civ. Cover Sheet). She does not otherwise cite any federal statute or constitutional provision on the civil cover sheet. *Id.*

**C.    Relief requested**

The relief plaintiff seeks is:

[a] copy of the Last Will and Testament of Ms. Hattie P. Holden Towns. Plus and [sic] apology from stopping my income from what it is now. Its [sic] should have more money in my saving and in my daily living. He will tell them on she don't need that much money. He try to make decision for me without asking and contract of the tenant. They lived in my house and number of acres there is.

[DE-1-3] at 3.

## II.  APPLICABLE LEGAL STANDARDS FOR FRIVOLITY REVIEW

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). In such a review, the court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992) (standard for frivolousness). A case is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

In evaluating frivolity specifically, a pro se party's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept the contentions of a party proceeding *in forma pauperis* as true. *Denton*, 504 U.S. at 32. The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Provided that a party's claims are not clearly baseless, the court must weigh the factual allegations in the party's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a party has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Likewise, a complaint is

4

insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007) (alterations in original) (internal quotation marks omitted)).

A court may also consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Hill v. Se. Reg'l Med. Ctr.,* No. 7:19-CV-60-BO, 2019 WL 7041893, at *2 (E.D.N.C. Oct. 21, 2019), *report and recommendation adopted*, No. 7:19-CV-60-BO, 2019 WL 7163434 (E.D.N.C. Dec. 20, 2019), *aff'd*, 818 F. App'x 261 (4th Cir. 2020) (discussing the lack of federal question jurisdiction and diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here, the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on . . . the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). One basis for subject matter jurisdiction, so-called federal question jurisdiction, is that a claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

## III. DISCUSSION

The claims in all of plaintiff's filings appear to relate to the administration of the estate of Mrs. Towns, her foster mother. *See generally* [DE-1-3]. While the circumstances alleged by plaintiff appear to be distressing to her, such circumstances alone do not allow this court to adjudicate every disagreement or perceived grievance a party may have. *Bowman*, 388 F.2d at 760 (noting that "[f]ederal courts are courts of limited jurisdiction"). As previously noted by this court, plaintiff (1) "has not alleged a violation of federal law or that her case requires the resolution of a substantial question of federal law, and therefore she has not established federal question jurisdiction" and (2) "fails to name parties that are citizens of a different state than [p]laintiff's state, and therefore has not established diversity jurisdiction." [DE-4]. Plaintiff's filings subsequent to the show cause order failed to remedy these deficiencies for the reasons discussed below. *See generally* [DEs-5 to -24].[2]

**A.    Probate claims**

As noted above, plaintiff's complaint relates primarily to the alleged misadministration of her foster mother's estate. *See generally* [DE-1-3]. "[Q]uestions regarding probate are issues of state law." *Mayer v. Brandstetter*, No. 7:09-MC-5, 2009 WL 10706610, at *2 (E.D.N.C. July 9, 2009) (citing *Harris v. Zion Sav. Bank & Trust Co.*, 317 U.S. 447, 450 (1943)). "[S]tate probate courts [have jurisdiction over] the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is

---

[2] For the avoidance of doubt, none of plaintiff's filings [DEs-5 to -24] subsequent to the show cause order [DE-4] contradict the allegations in plaintiff's complaint that plaintiff and defendant are both citizens of North Carolina, demonstrating an absence of diversity jurisdiction (*cf.* [DE-1-3] at 1 (Civ. Cover Sheet)); *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020) (noting that there must be "complete" diversity between parties, which "means that no plaintiff may share a citizenship with any defendant.") (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

6

in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006). Accordingly, the undersigned RECOMMENDS that any claims related to plaintiff's probate claims be DISMISSED.

B.  **Servicemembers Civil Relief Act ("SCRA") claims**

Plaintiff's inclusion of a Servicemembers Civil Relief Act, 50 U.S.C. § 3951 ("SCRA"), Declaration ([DE-1-4] at 3-4), falls short of raising a federal question. The SCRA "was created (1) 'to provide for, strengthen, and expedite the national defense' by allowing service members 'to devote their entire energy to the defense needs of the Nation;' and (2) 'to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.'" *U.S. Bank Tr., NA for LSF9 Master Participation Tr. v. Chae*, No. 1:17-CV-1171-AT-AJB, 2017 WL 8217730, at *5 (N.D. Ga. Apr. 17, 2017), *report and recommendation adopted sub nom. U.S. Bank Tr., NA v. Chae*, No. 1:17-CV-1171-AT, 2017 WL 8220500 (N.D. Ga. May 10, 2017) (citing 50 U.S.C. § 3902).

The SCRA is a defense for a defendant to raise, but it does not provide an independent basis for federal jurisdiction. *See id.* at *5 ("[A]s a defense to the dispossessory proceedings, the SCRA does not necessarily provide a basis for removal because, as stated above, 'an anticipated or actual federal defense generally does not qualify a case for removal.'") (quoting *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999)); *see also In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) ("[A]ctions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question.").

The SCRA also includes a provision on tolling of statutes of limitations. *See Griffin v. Navient Sols., Inc.*, No. 15CV1818 DMS (DHB), 2016 WL 5719831, at *4 (S.D. Cal. Sept. 30,

7

2016). However, this protection would not benefit plaintiff as she does not allege that she ever performed military service. *See* 50 U.S.C. § 3936(a) ("The period of *a servicemember's military service* may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court.") (emphasis added).

Accordingly, the undersigned RECOMMENDS that any claims arising out of plaintiff's SCRA allegations be DISMISSED.

**C.    Tax Fraud claims**

With respect to plaintiff's cursory reference to "[t]ax [f]raud" ([DE-10] at 1), plaintiff does not cite any federal tax law that has been violated or allege how any federal law supports her right to relief. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27–28, 103 S. Ct. 2841, 2856, 77 L. Ed. 2d 420 (1983) (noting that federal question jurisdiction only exists in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

This reference to "tax fraud" and certain exhibits that indicate that Mrs. Towns's name may still be listed on various assets are not enough to satisfy the pleading requirements of Rule 8, let alone the heightened pleading requirements of Rule 9(b) for fraud allegations. *See Dorseli v. Gonzalez*, No. 2:17-CV-37-FTM-99CM, 2017 WL 4286482, at *4 (M.D. Fla. Sept. 27, 2017) ("Federal Rule 9(b) requires that fraud be pled with particularity and the Court otherwise sees no authority that the heightened pleading requirement would not apply to tax fraud cases."); *Forsyth v. Residential Credit Sols., Inc.*, No. A-10-CA-379-JRN, 2011 WL 13272362, at *4 (W.D. Tex. Feb. 23, 2011) (noting with respect to a claim of federal tax fraud, "[a]t a minimum, Rule 9(b)

8

requires allegations of the particulars of time, place, and contents of the false representations.") (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)).

The "tax fraud" plaintiff alleges appears to be entirely based on the underlying probate dispute, which as discussed above, fails to raise any cognizable federal question. *See Williams v. Madera Super. Ct.*, No. 1:14-CV-01135-LJO-SKO, 2014 WL 5602210, at *2, *5 (E.D. Cal. Nov. 3, 2014), *subsequently aff'd*, 671 F. App'x 431 (9th Cir. 2016) (dismissing plaintiff's claims, including vague allegations of tax fraud, as a part of an underlying state probate dispute); *Davis-Moab v. Jefferson Davis Cnty. Tax Assessor's Off.*, No. 2:19-CV-2-KS-MTP, 2019 WL 13293009, at *1 (S.D. Miss. Jan. 14, 2019), *report and recommendation adopted*, No. 2:19-CV-2-KS-MTP, 2019 WL 13292997 (S.D. Miss. Mar. 15, 2019) (declining to find federal question jurisdiction when "the claims asserted have to do with state tax liens and the recording of deeds"); *contra State ex rel. Jacobson v. Wells Fargo Nat'l Bank*, N.A., 824 F.3d 308, 317–18 (2d Cir. 2016) (finding that state-law tax fraud claims raised a substantial federal question because they depended on the definition of a federal tax exemption for mortgage-backed securities).

Additionally, while there is a federal estate tax, it only applies to estates that exceed a certain total value after including certain additions, such as lifetime taxable gifts, which have not been alleged here. In 1986, the alleged year of Mrs. Towns's death, it only applied to estates that had a total value exceeding $500,000. *See* Barry W. Johnson, *Estate Tax Returns, 1986-1988*, https://www.irs.gov/pub/irs-soi/86-88estr.pdf (last visited August 23, 2024). At the time plaintiff filed the instant complaint, it only applied to estates with a total worth of more than $12,060,000. *See* IRS, *Estate tax*, https://www.irs.gov/businesses/small-businesses-self-employed/estate-tax (last visited August 23, 2024).

9

Even generously construing plaintiff's allegations and supporting exhibits, there is no indication that Mrs. Towns's estate even came close to a value that would subject it to federal estate tax liability in the relevant year. *See* [DE-9-2] at 3 (indicating that the property at Hat Walt Lane was valued at $192,062 by the Wake County Tax administration in 2022). Additionally, plaintiff makes no allegations that defendant failed to pay any federal taxes due or otherwise made any fraudulent representations to the Internal Revenue Service. Accordingly, the undersigned RECOMMENDS that any claims arising out of plaintiff's tax fraud allegations be DISMISSED.

## IV. CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that plaintiff's complaint be DISMISSED as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on plaintiff or, if represented, her counsel. Plaintiff shall have until **September 10, 2024**, to file written objections to this Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum**

**and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 23rd day of August, 2024.

_____
Brian S. Meyers
United States Magistrate Judge